UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>    Petitioner,<br><br>v.<br><br>KELLY SANTORO, Acting Warden,<br><br>    Respondent. | Case No. 25-cv-05202-AMO (PR)<br><br>**ORDER VACATING NOVEMBER 17, 2025 ORDER TO SHOW CAUSE, STAYING HABEAS PROCEEDINGS; AND DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS**<br><br>Re: Dkt. No. 2 |

    Petitioner James Scott, a prisoner currently incarcerated at Salinas Valley State Prison, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, representing himself. Dkt. 12. On November 17, 2025, the Court issued its Order to Show Cause and granted his motion for leave to proceed *in forma pauperis*. Dkt. 13.

    Before the Court is Scott's request for a stay and abeyance, in which he admits that his petition contains only unexhausted claims that have not been exhausted before the state courts. *See* Dkt. 2 at 1-2. Scott has also attached his state supreme court habeas petition, *see* Dkt. 1 at 77-85, which he claims he submitted to the state supreme court "simultaneously to exhaust all claims [he] set forth," *see* Dkt. 2 at 2. Therefore, he requests a stay of the proceedings while he completes the process of exhausting his unexhausted claims in state court. *Id.*

    Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the

1  state courts, *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains
2  available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Scott has a pending state
3  supreme court habeas petition, which includes all the claims that were not exhausted at the time he
4  filed the instant federal petition. Dkt. 2 at 2. Accordingly, the instant federal petition contains
5  unexhausted claims.

6  While district courts have the authority to issue stays of mixed petitions, their discretion is
7  circumscribed by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") stated purpose
8  of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief
9  in the state courts before filing their claims in federal court. *See Rhines v. Webber*, 544 U.S. 269,
10 277 (2005). A district court also has the discretion to stay a petition containing only unexhausted
11 claims under the circumstances set forth in *Rhines*. *See Mena v. Long*, 813 F.3d 907, 909 (9th Cir.
12 2016).

13 Because the use of a stay and abeyance procedure has the potential to undermine these dual
14 purposes of AEDPA, its use is only appropriate where the district court has first determined that
15 there was good cause for the petitioner's failure to exhaust the claims in state court and that the
16 claims are potentially meritorious. *Id.* Here, the Court finds that Scott has not engaged in dilatory
17 tactics, and his unexhausted claims appear to be potentially meritorious.

18 Good cause appearing, the Court's November 17, 2025 Order to Show Cause is
19 **VACATED**, Scott's request for a stay and abeyance is **GRANTED**, and the petition for a writ of
20 habeas corpus is construed as a protective petition and **STAYED** so that Scott can exhaust his
21 unexhausted claims in the state courts. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)
22 (holding that prisoners who run risk of having federal statute of limitation expire while exhausting
23 their state remedies may avoid this predicament "by filing a 'protective' petition in federal court
24 and asking the federal court to stay and abey the federal habeas proceedings until state remedies
25 are exhausted"); *see also Rhines*, 544 U.S. at 277-78.

26 Scott must act diligently in exhausting his state judicial remedies, or the stay may be lifted.
27 He must file quarterly reports describing the progress of his state court proceedings, commencing
28 **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days**

thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

Nothing further will take place in this action until Scott receives a final decision from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to include any newly-exhausted claims.

**IT IS SO ORDERED.**

Dated:   December 15, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3